# UNITED STATES DISTRICT COURT OF APPEALS

## FOR THE NINTH CIRCUIT

JAMES SINGH
      Plaintiff – Appellant,

v.

WELLS FARGO BANK, N.A.,
Individually, ETS SERVICES, LLC,
Individually; THE BANK OF NEW
YORK MELLON, as Trustee for World
Savings Remic 23, Mortgage
Passthrough Certificates, Series 23,
      Defendants – Respondents

No.  13-16077
D.C. No 3-12-cv-06566-SI
U.S  District Court for Northern
California, San Francisco

**PLAINTIFF-APPELLANT'S INFORMAL
OPENING BRIEF**

---

**SUSAN ILSTON**
**United States District Judge**

---

**JAMES SINGH**
**21 PEMBROKE COURT**
**OAKLAND, CA 94619**
**(510) 530-5844**
**PLAINTIFF-APPELLANT**
**IN PRO SE**

# TABLE OF CONTENTS

1. Jurisdiction .................................................... 1
   Timeliness of Appeal ....................................... 1

2. Facts of case ................................................. 2
3. The Originating Court was asked for the following ... 3
4. Plaintiff, Appellant raised  the following claims in
   The originating court ....................................... 3
   A. Legal Standard ......................................... 3
   B. HOLA and OTS Regulation do not preempt
      Plaintiff,  Appellant's  Sate Law Claims. ............ 5
   C. Plaintiff is Not Required to Allege Tender ......... 5

5 .PLAINTIFF-APPELLANT RAISES THE FOLLOWING
  ISSUES ON APPEAL ........................................... 5
   1. The Court in Glaski v. Bank of America N.A.
      218 Cal. App. 4th 1079, raised the following issues. ... 5
   A. Alleging that the Assignment Granting the
      Beneficiary's Power to Foreclose is Void,
      is A Specific, Factual Allegation and the Basis
      for a Valid Foreclosure Claim. ........................ 6
   B. Standing: Void vs Voidable Assignment. ............ 6
   C. A Post-Closing Date Transfer to Trust Renders
      The  Assignment Void .................................. 7
   D. Tender ..................................................... 7
   E. Void vs. Voidable ....................................... 8
      i.      WELLS FARGO WAS NOT THE TRUE
              BENEFICIARY AS ITS ASSIGMENT WAS VOID ... 8
      II.     THE SECURITIZATION AND ASSIGNMENT ARE
              NOT PRE-EMPTED ................................ 9
      III.    CAUSES OF ACTION UNDER THE FAIR DEBT
              COLLECTIONPARACTICES ACT, ARE NOT
              PRE-EMPTED BY HOLA .......................... 10

IV. THE ISSUE OF PRE-EMPTION OF STATE STATUES IS NOT
APPROPRIATE AS AGAINST FEDERAL STATUTES OR
FEDERALLY REQUIRED ACTIONS.                                    10

The issue of Void v. Voidable was not properly presented    11

7. Glaski v. Bank of America N.A. 218 Cal. App.4th 1079        11

8. There are no other cases pending                           11

9. Plaintiff= Appellant has filed previous cases              12

CONCLUSION                                                     12

ii

# TABLE OF AUTHORITIES

## *Cases*

Ashcroft v. Iqbal, 556 US  662 678 *2009)    2,4

Carlin v. Dairy America, In.,
688 F3d 1117, 1127 (9th Cir. 2012)    4

Chang v. Chen. 80 F. 3d 1293,1296 (9th  Cir. 1996    4

GisonV. World Sav. &Loan Ass'n,
103 Cal. App.4th 1291, 1304 (2002    5

Hal Roach Studios, Inc.v. Rinard Feiner & Co.,
896 F. 2d 1542, 1555 n. 19 (9th Cir.`990)    4

Glaski v. Bank of America N.A. 218 Cal. App. 4th 1079    5, 8,9

Gomes v. Countywide Home Loan, Inc.,
192 Cal. App. 4th 1149, 1152 (2011)    7

Herrer v. Deutsche Bank National Trust Company
196 Cal. App. 13669 (2011)    11

Humboldt Sav. Bank v. McCleverly,
161 Cal. 285, 291 (1911)    5

Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)    4

Nguyen v. Calhoun, 105 Cal. App.4th 429 (2003)    8

*Onofrio v. Rice, 55 Cal.App.4[th] 424 (1997)*                    5

*Sarel v. Rio Tinto, PLC, 487 R. 3d 1193, 1223 (9th Cir. Cal, 2007)*    4

iii

*Wyler Summit Partnership v. Turner Broadcasting Inc.,*    4
*135 F. 3d 658, 661 (9th Cir. 1998))*


## ***Statutes***

### *Federal*

Federal Rules of Civil Procedure 12(b)                    4

Home Owners Loan Act of 1933
   12 D.F.R. section 2 (c) (1)                        5
    12 C.F.R.424 1997)                            5

Internal revenue   section 860                            8

Rules 144 of the Securities Act of 1933                    3


### *State*


Californai Civil Code, section 47( c)                    9

California Civil Code, section 2924                        9

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JAMES SINGH,

       Plaintiff-Appellant,

v.

WELLS FARGO BANK, N.A.,
ETS SERVICES, LLC, et.al.
       Defendant-Respondent.

No. 13-16077

D.C.  No. 3:12-cv-06566-SI
U.S. District Court for Northern
California, San Francisco

APPELLANT'S INFORMAL
OPENING BRIEF
(Second correction)

1. Jurisdiction

    a.  Timeliness  of Appeal:

       (i)    Date of entry of judgment or order
               Of originating court:   <u>April 25, 1013</u>

       (ii)   Date notice of Appeal filed:   <u>May 24, 2013</u>

       (iii)  Standard of  Review:

This court is required to provide a de novo review of the district court's order dismissing Plaintiff, Appellant's complaint for failure to state a claim upon which relief can be granted. *Brantley v. NBC Universal, Inc.* 675 F.3d. 1192, 1197  (9th Cir. 2012). " In so doing the court must accept as true, all well-pleaded factual allegations in the complaint which must be construed in the light most favorable to the nonmoving party". *Autotel v. Nev. Bell Tel. Co.*, 697 Fed.3d. 846, 850 (9th Cir. 2012). In order to survive a motion to dismiss, plaintiff's complaint had to allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal.* 556 U.S. 662, 678 (2009).

2. **Facts of case**:

On or about January 20, 2006, Plaintiff, Appellant entered into a $500,000 residential first mortgage loan agreement with World Savings Bank secured by the real property located a 21 Pembroke Court, Oakland, CA 94619.Compl.¶¶ 8,28, that is by a promissory note and a deed of trust. ¶¶ 8, 28.; Ex. A.B. The original trustee under the deed of trust was Golden West Savings Association Service Company. Compl. ¶ 9. The original loan servicer was World Savings Bank. Compl. ¶ 10.

Wachovia Bank acquired Golden West Financial Corporation, the parent company of the trustee Golden West SAVINGS ASSOCIATION SERVICE COMPANY in May of 2008 and Wells Fargo Bank acquired Wachovia Bank in 2008. Compl.¶ 10. Wachovia Mortgage, a division of Wells Fargo Bank, assumed the servicing rights , but not enforcement rights to Plaintiff, Appellant's loan. Compl. ¶ 10.

Plaintiff, Appellant alleged that shortly after funding of his loan, the original lender, World Savings, sold his mortgage in a securitization transaction. Compl. ¶ 11.

In 2006, Wachovia  and World Savings Bank created five (5) Real Estate Mortgage Investment Conduits trusts (REMICS). World Savings Bank (for newer World Savings Bank REMICs this would be Wachovia Mortgage Corporation or

2

Wachovia Mortgage, FSB) were the originator, master servicer and seller for each of those REMICs, which were designated World Savings Bank 35. Deutsche Bank National Trust Company or the Bank of New York (for Wachovia' securitization trusts) was trustee. This information has been difficult to obtain due to Rule 144A of the Securities Act of 1933, which provides a safe harbor from the registration requirements of the Securities Act of 1933 for certain private resales of a minimum $500, 000 units of restricted securities to qualified institutional buyer (QIBs), which generally are large institutional investors that own at least $100 million in investable assets.

Plaintiff-Appellant met his obligations under the terms of the note from 2006-2010 (Compl. ¶10.) However, on March 2, 2010, he was informed that Wells Fargo would not accept his payments and was informed that he was allegedly $6,989.85 in arrears.  No further information was provided. (Compl. ¶11.) Subsequently, his payments were refused and Plaintiff- Appellant was served with a notice of default.

Defendant, Wells Fargo had failed to credit his March 31, 2009 and April 21, 2009 payments (Compl. ¶ ¶ 13- 14).  Wells Fargo had listed each of the payments as "miscellaneous application payment" and had increased the amount owed by adding further charges and fees.

Wells Fargo recorded a Notice of Trustee Sale on Plaintiff, Appellant's Property on August 18, 2011. (Compl. ¶ 13)

## 3. The originating court was asked for the following:

Plaintiff, Appellant sought relief from Defendants, Respondents for (1) elder abuse, (2) wrongful foreclosure; (3) breach of contract; (4) negligent infliction of emotional distress; (5) emotional distress; and (6) quiet title to Plaintiff-Appellant's property at 21 Pembroke Court, Oakland, California.

## 4. Plaintiff, Appellant raised the following claims in the originating court.

A. Legal Standard

i. Dismissal is inappropriate under Rule 12(b)(6) in this matter, in that the court must accept as true the allegations of the complaint and must construe those allegations in a light most favorable to the non-moving party. (Wyler Summit Partnership v. Turner Broadcasting Inc., 135 F. 3d 658, 661 (9th Cir. 1998)) A court may not consider any material beyond the pleading in ruling on a 12(b)(6) motion. (Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F. 2d 1542, 1555 n. 19 (9th Cir. 1990).) Where it is inclined to dismiss, a district court should provide leave to amend unless it is clear that a complaint could not be saved by any amendment. (Chang v. Chen. 80 F. 3d 1293, 1296 (9th Cir. 1996).)

ii.  Federal Rule of Civil Procedure 25(a) requires that a trial court grant leave to amend freely as required by justice. (Sarel v. Rio Tinto, PLC,487 F.3d 1193, 1223 (9th Cir. Cal, 2007). ("[T]his mandate is to be heeded."). "[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc (internal citations and quotations omitted).

In this case, Plaintiff pled more than sufficient facts to allege the nature and the extent of the wrongful conduct committed by Defendant Wells Fargo Bank/Wachovia Bank in Plaintiff's Complaint. Those factual allegations were thereafter incorporated by reference into each applicable Cause of Action.

iii. An order granting or denying a Federal Rule of Civil Procedure 12(b) motion  to dismiss for failure to state a claim is reviewed de novo, Carlin v. Dairy America, Inc.,.688 F3d  1117, 1127 (9th Cir. 2012. Review ordinarily is limited to the face of the complaint, but including material incorporated by reference and matters of judicial notice. All well pleaded allegations of material facts are accepted as true and construed in a light most favorable to the nonmoving party. For the complaint to state a claim, the court must find that the non-conclusory factual content, and the reasonable inferences it can draw from that content, are "plausibly" suggestive of a claim entitling plaintiff to relief, "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Ashcroft  v. Iqbal, 556 US 662, 678(2009)

**B.** HOLA  and OTS Regulations do not preempt Plaintiff, Appellant's State Law Claims.

Wells Fargo argued that since Plaintiff's loan were originated by World Savings Bank FSB, a federal savings bank, any claims regarding loan origination was preempted by the Home Owners Loan Act of 1933("HOLA") (12U.S.C. section 1461). (Motion to Dismiss, 12:4-10) Wells Fargo's argument was contested by the following reasoning.

State law claims that only have an "incidental affect" on the lending operations of federal savings associations are not preempted by HOLA including contract and commercial law. [12 D.F.R. section 2( c)(1)]. California courts recognize that HOLA does not preempt duties to comply with contracts and the laws governing them (*Gibson v. World Sav. & Loan Ass'n,* 103 Cal. App.4th 1291, 1304-04 (2002).) The purpose of HOLA is to protect consumers and to "enable federal saving associations to conduct their operations in accordance with the best practices of thrift institutions (12 C.F.R. section 560.2(a)).

## C. Plaintiff is Not Required to Allege Tender

The necessity of tender is within the discretion of the court, and it is well established that tender need not be made where it would be inequitable to do so. (*Humboldt Sav. Bank v. McCleverly,* 161 Cal. 285, 291 (1911); *Onofrio v. Rice,* 55 Cal.App.4th, 424 (1997).)

## 5. PLAINTIFF-APPELLANT RAISES THE FOLLOWING ISSUES ON APPEAL.

### I.    The Court in *Glaski v. Bank of America N.A.* 218 Cal. App. 4th 1079, raised the following issues.

Does the borrower, first, allege that the foreclosing party was not the beneficiary based on specific facts? Secondly, if the borrower's claim is based on a failed assignment, was the assignment void, or voidable. If borrowers can allege specific facts showing that the purported beneficiary derived their

authority from a void assignment, their claims, under Glaski, will now survive the pleading stage in California courts.

### A. Alleging that the Assignment Granting the Beneficiary's Power to Foreclose is Void, is a Specific, Factual Allegation and the Basis for a Valid Wrongful Foreclosure Claim.

The court divided wrongful foreclosure claims based on the authority to foreclose theory into two categories: 1) borrowers who generally allege the foreclosing entity was not the true beneficiary under the deed of trust and 2) borrowers who allege, with specific facts that the foreclosing entity was not the true beneficiary. Borrowers of the first category seldom prevail, while those of the second, do prevail. The court explained that one basis for claiming that a foreclosing party did not hold the deed of trust is if the assignment purportedly giving that party foreclosing power is void. The court did not say that attacking a beneficiary's  assignment  is the only way to bring a wrongful foreclosure claim, only that  this particular defect, when alleged with specific facts, is enough to put the authority to foreclose at issue. Glaski , Supra, alleged that the assignment of his deed of trust and note to the WaMu Securitized Trust was void because it occurred after the trust's closing date.

### B. Standing: Void vs. Voidable Assignment.

Many securitization-based wrongful foreclosure claims fail because the borrowers do not have standing to challenge how their loan was securitized. The Glaski Court framed this issue by focusing on the assignment: "When a borrower asserts an assignment was ineffective, a question often arises about the borrower's standing to challenge the assignment and transfer of the note and deed of trust-an assignment to which the borrower is not a party." California courts have largely adopted a knee-jerk reaction to securitization theories, throwing those claim out because the borrowers are not a party to, or third-party beneficiaries of, the assignment agreements ([Pooling and Service Agreement] PSA in most cases). The Glaski court broke with California precedent in framing the issue as one of void versus voidable assignment, allowing theories based on void assignment to survive pleading.

### C. A POST-Closing Date Transfer to Trust Renders the Assignment Void

The Glaski Court established that the attack on the beneficiary's assignment was specific enough that it went beyond a general challenge to the foreclosing party's right to foreclose; and that a void assignment gives a borrower standing to challenge the loan's Securitization, even though the borrower was not a party to, or a third party beneficiary of the PSA. The court then analyzed whether Glaski's specific allegation, taken as true, would void the assignment, giving him standing.

The Glaski note and deed of trust were assigned to a trust to be bundled with other mortgages and sold again. Through a subsequent FDIC takeover, acquisition, and more assignment, defendant Bank of America either became the "Successor trustee" to the WaMu Trust, or acquired the Glaski deed of trust from JP Morgan Chase, who bought all of the WaMu assets from the FDIC. Either way, ;the possible chains of title were broken because the transfer from JP Morgan Chase to the WaMu Securitized Trust occurred long after the closing date of the trust.

The court analyzed <u>New York law, which, according to the pleadings</u>, was controlling, to conclude that an assignment transferred after a trust's closing date is void, rather than voidable.

Glaski pled both threshold questions with the requisite specificity: 1) he alleged that Bank of America was not the beneficiary because the assignment purporting to give it foreclosing power was invalid; 2) the assignment was void, not voidable, because the transfer to the trust occurred after the trust's closing date. The first point got him past Gomes v. Countywide Home Loan, Inc., 192Cal. App. 4th 1149,1152 (2011), and the second established his standing.

### D. Tender

The court addressed the tender issue by stating " Tender is not required where the foreclosure sale is void, rather than voidable, such as when a plaintiff proves that the entity lacked the authority to foreclose on the property" Gomes,

Supra. Id. 466. Because tender was not required, and because Glaski stated a cognizable claim for wrongful foreclosure, the court reversed the trial court's dismissal of the complaint, and vacated and overruled the order sustaining the Bank of America's demurrer.

### E.  Void vs. Voidable

Nguyen v. Calhoun, 105 Cal. App.4[th] 429 (2003)  held that anything outside of the foreclosure sale process cannot be used to challenge a presumably valid sale. The court considered whether an "ineffective transfer to the WaMu Securitized Trust" was an aspect of the foreclosure sale, or if it fell outside of that sale and was irrelevant. *Glaski, Supra*, 105 Cal Rptr. 3d at 466. Because the transfer to the trust was fundamental to Bank of America's authority to foreclose, and would void the sale, itself, the court determined that the trust's transfer was part of the foreclosure sale and a valid ground for challenging the foreclosure.

## I. WELLS FARGO WAS NOT THE TRUE BENEFICIARY AS ITS ASSIGNMENT WAS VOID

According to the tax code for REMICs (internal revenue code Section 860) and pursuant to the governing pooling and servicing agreement (PSA), which required the application of New York law, the chain of endorsement of the note and assignment of the Deed of Trust require the proper order of transfer of the subject mortgage. Specifically that is from World Saving Bank FSF, as mortgage loan originator and seller (and as securitization sponsor/depositor) to the Bank of New York ( now  known as The Bank of New York Mellon) as trustee for the World Savings Remic 23, Mortgage Pass-through Certificates, series 23 Trust.

Whether or not Plaintiff, Appellant's mortgage passed through the Series 23 Trust is not known at this time. However, the acquision of  tax benefits of Internal Revenue section 860 required the application of state law, which in this matter is New York law.

## II.    A SECURITIED ASSIGNMENT IS NOT PRE-EMPTED

As stated above, if Plaintiff, Appellant's loan made it in time for securitization within World Savings Remic 23 "cut-off Date" April 1, 2006 and Closing Date" of April 26, 2006 and first "Distribution Date" of May 26, 2006 to it's Certificate holders, it would have been stripped of it's pre-emptive status by the requirements of REMIC.  REMIC required the application of state law. As a result, the foreclosure of the deed of trust would be required to comply with California Civil Code, section 2924, which it did not.

Wells Fargo's assertion that Plaintiff, Appellant's claims are founded entirely on the loan history statement published by Wells Fargo completely ignores Plaintiff's substantive attacks on the validity of the default claimed by Wells Fargo. (Motion to Dismiss 8: 2-3; Compl. ¶ 32.) Plaintiff, Appellant's complaint alleges that Wells Fargo,; as beneficiary, wrongfully engineered the default upon which it now seeks to foreclose on Plaintiff's property: this conduct clearly does not fall within the category of conduct protected under California Civil Code sections 2924 and 47( c).

If the note and deed of trust did not timely pass thought REMIC 23, the deed of trust was rendered void. However, the acquisition of the tax benefits of Internal Revenue Code Section 860 required the application of state law, and specifically New York law, in this matter. Pre-emption would have nullified the sought after tax benefits.

The trial court, in the report of Magistrate Judge Laporte's recommended order, took the view that "the fact that Plaintiff's loan has been "securitized" has no effect on the ability of ETS to foreclose or transfer. (Report and Recommendation Regarding Defendant's Motion to Dismiss and motion to Expunge Notice of Pending Action, p.10, l. 7-25) This position was adopted by Judge Susan Ilston.

As is clear from the discussion herein, Magistrate Judge Laporte' recommended order and Judge Susan Ilston's decision were clearly erroneous.

9

### III.    CAUSES OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT [(FDCPA)15 U.S.C. §§1692-1692 (2006)] AND EQUAL CREDIT OPPORUTINITY ACT [(ECOA), 15 U.S.C. §§1691-1691f (2006)] ARE NOT PRE-EMPTED BY HOLA

*Schlegel  v. Wells Fargo Bank NA.* No. 11-16816, (July 3, 2013, 9th Cir.) rejected the per se rule that a creditor cannot meet the definition of a debt collector and that the acceleration of a debt constituted a revocation of credit and thus met the definition of an adverse action.

Plaintiff- Appellant, as discussed in the following paragraph, made sufficient allegations to constitute causes of action under FDCPA and ECOA, which are adequate to survive a motion to dismiss. In spite of Plaintiff-Appellant repeated inquiries as to the nature and amount of his debt, Defendant- Respondent did not inform him of its mistake in calculating his obligation. The subsequent revocation of credit was actionable under ECOA. In addition, Defendant- Respondent's adverse action without complying with the ECOA' notice requirements is enough for the ECOA claims to survive a motion to dismiss.

Wells Fargo knew at the time that it recorded the notice of default that Plaintiff was legally current on his payments and knew that it had no authority to legally foreclose on Plaintiff. It is clear that Plaintiff was not in the category that many others fell into, which was inabililty to make mortgage payments. The record will reflect that Plaintiff has always been punctual in making his mortgage payments.

The allegations of the following paragraphs contain the essential elements of causes of action under FDCPA AND ECOA;
§§1,2,5,6,8,9,10,11,,12,13,14,15,16,17,18,22,23,29,30,31,32,33,34,38,39,40,41,45,46,47,48,49,50,54,and 57 (CT  Document 1, Pages 11-20 ).

### IV.    THE ISSUE OF PRE-EMPTION OF STATE STATUES IS NOT APPROPRIATE AS AGAINST FEDERAL STATUTES OR FEDERALLY  REQUIRED ACTIONS

The trial court was in error and wrong on the issue of pre-emption. Pre-emption has no beneficial effect for the savings and loan industry, where as here,

the deed of trust has been transferred or attempted to be transferred to the banking industry, through securitization. The effect of such pre-emption in this matter would be to nullify state laws which were passed for the benefit of the consumer.

6. The issue of Void v. Voidable was not properly presented in the originating court because that issue had not been previously fully explored by the courts of the State of California. As a result, the theories advanced in these cases were not advocate.

7. *Glaski v. Bank of America N.A. , 218 Cal. App. 4th 1079* (2013); *Schlegel v. Wells Fargo Bank NA. No. 11-16816, (July o3, 2013, 9th Cir.)* **Departed From Traditional Foreclosure Procedure By Protecting The Borrower**

The above cases had not been decided when the motion in this case was determined. As a result, the theories advanced in these cases was not advocated.

California courts had largely adopted a knee-jerk reaction to securitization and credit abuse theories, throwing those claims out because the borrower is not a party to, or third-party beneficiary of, the assignment agreement (the PSA in most cases), or a debt collector . The *Glaski, Supra,* court broke with the California precedent in framing the issue as one of void versus voidable assignment, thereby allowing theories based on void assignment to survive pleading. The *Schlegel, Supra,* court was innovative in holding that a bank, which commenced a foreclosure procedure, after approving a modification, was a debt collector and that an adverse action taken without complying with ECOAS's notice requirements could be and was actionable.

In addition, the court in *Herera v. Deutsche Bank National Trust Company* (2013)196 Cal.App. 4th 1366, held that where a substitution of trustee recited that a bank was the present beneficiary under the deed of trust, the fact was hearsay and disputed. As a result the trial court could not take judicial notice of it

in a suit challenging defendant's nonjudicial foreclosure sale. Nor did taking judicial notice of the assignment of the deed of trust establish t ha the bank was the beneficiary under the deed of trust.

Plaintiff and Appellant, herein, as above shown disputes the validity of the document sthat Defendants' have sought to present as their evidence that they are either the beneficiary under the deed of trust or authorized by such a beneficiary.

8. There are no other cases pending in this court, in which Plaintiff, Appellant is involved. However, Plaintiff was involved in the matters of James Singh v. The City of Oakland, United States District Court, Northern District of California, docket number C03524 SI and United States Court of Appeals for the Ninth Circuit, docket number 0616190.

9. Plaintiff, Appellant has not filed any previous cases, which have been decided by this court.

**CONCLUSION:**

It is respectfully submitted that Plaintiff-Appellant has pled more than sufficient specific facts in alleging the nature and extent of the misconduct of Defendants-Respondents. In addition, the defense of pre-emption is both factually and legally without merit in this matter. As a result the order of the trial court granting Defendants –Respondent's Motion to Dismiss as to all causes of action should be reversed and the case remanded for further proceedings to the trial court.

12

**Date:**     2/13/2014

*James Singh*

**James Singh**
**Plaintiff and Appellant**
**In pro se**
21 Pembroke Court
Oakland, CA 94619

(510) 530-5844

## CERTIFICATION OF THE WORD COUNT FOR
## PLAINTIFF-APPELLANT'S INFORMAL OPENING BRIEF

### (Second corrected)

I, hereby, certify that pursuant to the Microsoft word counting system , Plaintiff-Appellant's Informal Opening Brief contains the following number of words.    3,543

Date:    2/13/2014

_James Singh._

**James Singh**
**21 Pembroke Court**
**Oakland, CA. 94619**

## CERTIFICATE OF SERVICE

Case Name: James Singh  v. Wells Fargo Bank, N.A., et.al. Docket Number 13-
16077


I certify that two copies of Plaintiff-Appellant's Informal Opening
Brief was served by mail on Robert Collings Little of the law firm of
Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP. At 199 S.
Los Robles Avenue, Suite 600, Pasadena, California. 91101

Date:  *2/14/2014*

*Benjamin Lusk*

Benjamin Lusk, P.O. Box 21004, Piedmont, CA 04620